**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THOMAS J. STOCKBRIDGE,**

      **Plaintiff,**          **CIVIL ACTION NO. 06-CV-11105-DT**

  vs.

                                **DISTRICT JUDGE DENISE PAGE HOOD**

**JOHN S. RUBITSCHUN,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:** This Court recommends that Petitioner's Complaint filed pursuant to 42 U.S.C. § 1983 be DISMISSED for failure to state a claim upon which relief may be granted.

\*\*\*

Plaintiff Thomas J. Stockbridge, a Michigan prisoner, seeks relief for alleged constitutional violations in his parole hearing process pursuant to 42 U.S.C. § 1983. He pled guilty to sexually assaulting his step-daughter. The court sentenced him to two concurrent terms of 15 to 30 years in prison. On November 2, 2005, Plaintiff alleges that a single parole board member, Defendant Livingston, held a parole interview at which he and his father appeared. Later that month, Plaintiff was notified that his parole was denied. The other Defendant is the chairman of the parole board. Plaintiff alleges that Defendants violated his rights to due process by failing to discuss his statistical risk during his parole interview, but then using risk as a reason to deny parole, and by denying parole based on allegedly inaccurate information concerning the age of his victim when his assaults began and the level of his risk of assaultive behavior. Plaintiff seeks declaratory and injunctive relief. Defendants have filed

a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded to the motion to dismiss. Defendants have filed a reply brief.

The first count of Plaintiff's complaint is his claim that he was denied due process by Defendant Livingston failing to discuss during his interview anything related to his statistical risk when the notice of denial of parole stated that he was "[s]till viewed as high risk." Petitioner relies upon state statutes and policy directives for the proposition that only issues identified in the Notice of Intent to Conduct Parole Interview should be discussed and relied upon to deny parole.

The second count of Plaintiff's complaint is his claim that he was denied due process because the Parole Board Notice of Decision form he received listed as reasons for guideline departure the facts that his assaults started when the victim was ten years old and that he was still viewed as high risk. Plaintiff contends that this information is inaccurate because he did not begin his assaults until the victim was twelve years old, and he is classified as medium assaultive risk.

## **DISCUSSION**

Defendants have moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.* To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants argue that Plaintiff has no liberty interest in parole in Michigan, therefore his claims of a due process violation in the parole consideration process fail to state a claim under federal law. Both of Plaintiff's claims allege a denial of due process in his parole consideration process. The claims may therefore be considered together to determine whether they state a claim for relief. Although Plaintiff cites state law in support of his claims, this Court may not grant relief for the mere failure to comply with a state law or regulation. *See id.* Plaintiff must show that his federal constitutional rights have been violated.

Plaintiff alleges that his federal due process rights have been violated. The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Although by using mandatory language in its laws a state may create a federal constitutional interest in parole, under Michigan law there is no absolute right to release on parole because the decision is discretionary with the parole board. *See Mich. Comp. Laws* § 791.234(9) (with one exception not applicable here, prisoner's release on parole discretionary with parole board); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) ("So long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules.") (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). Finally, this Court lacks jurisdiction to enjoin state officials on the basis of state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 124-25 (1984).

Because Plaintiff has no liberty or any other federal protected interest in parole, his allegations that Defendants improperly relied on his risk to deny parole and that they relied on inaccurate information to deny him parole fail to state claims upon which relief may be granted. Defendants' motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) should be GRANTED, and this action should be DISMISSED.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 07, 2006         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 07, 2006         s/ Lisa C. Bartlett
                                  Courtroom Deputy