United States District Court
Eastern District of Michigan
Southern Division

**THOMAS J. STOCKBRIDGE,**

       **Plaintiff,**                    Case No. 06-CV-11105-DT

v.                                      HONORABLE DENISE PAGE HOOD

**JOHN S. RUBITSCHUN, et al.,**

       **Defendants.**
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated September 7, 2006. Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation. Defendant then filed a Response to the Plaintiff's Objection.

The Magistrate Judge recommended that Defendant's April 17, 2006 Motion to Dismiss Plaintiff's Complaint be granted.

**II.    STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Federal Rules of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of

the plaintiff's Complaint. *Dave v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Markets, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575,577 (E.D. Mich. 1999).  The court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3D 426, 429 (6th Cir. 2001).

**III.    LAW & ANALYSIS**

Plaintiff's civil rights Complaint alleges that he was denied due process at his parole hearing because the parole board member conducting the interview, Enid Livingston, failed to discuss his statistical risk.   Plaintiff asserts that Ms. Livingston improperly relied upon inaccurate information regarding Plaintiff's statistical risk level, as well as, concerning the age of the victim when the assaults began, to deny him parole.

The Court agrees with the Magistrate Judge that Defendant's April 17, 2006 Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) should be GRANTED.  Plaintiff has no liberty or any other federally protected interest in early release on parole. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *See also Sweeton v. Brown*, 27 F. 3d 1162, 1164-65 (6th Cir. 1994)..  As Plaintiff failed to state a claim upon which relief may be granted, this action must be DISMISSED.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Mona K. Majzoub [**Docket No. 11, filed August 7, 2005**] is ACCEPTED.

     IT IS FURTHER ORDERED that Defendant Rubitschun's and Defendant Livingston's Motion to Dismiss [**Docket No. 5, filed April 17, 2006**]  is GRANTED.

     IT IS FURTHER ORDERED that Plaintiff's Complaint is Dismissed with prejudice.


                                              /s/ Denise Page Hood

DATED: March 20, 2007                 DENISE PAGE HOOD
                                            United States District Judge


     I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2007, by electronic and/or ordinary mail.

                                              S/William F. Lewis
                                              Case Manager